Alexandra MARK, Petitioner,

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents,**

and

**National Broadcasting Company, Inc., Intervenor.**

No. 72-1158.

United States Court of Appeals, First Circuit.

Heard Sept. 8, 1972.

Decided Oct. 19, 1972.

Michael S. Field, with whom Edward Rudnitsky, and Field, Rudnitsky & Mullane, Boston, Mass., were on brief, for petitioner.

Charles A. Zielinski, Counsel, Washington, D. C., with whom John W. Pettit, Gen. Counsel, John A. Marino, Associate Gen. Counsel, Thomas E. Kauper, Asst. Atty. Gen., and Howard E. Shapiro, Atty., Washington, D. C., were on brief, for respondents.

Floyd Abrams, with whom Eugene R. Scheiman, Cahill, Gordon, Sonnett, Reindel & Ohl, and Corydon B. Dunham, New York City, were on brief for National Broadcasting Co., Inc., intervenor.

Before COFFIN, Chief Judge, McENTEE, Circuit Judge, and HAMLEY *, Senior Circuit Judge.

COFFIN, Chief Judge.

This petition to review a final decision of the Federal Communications Commission (the Commission), under 28 U.S.C. § 2342(1), challenges the Commission's refusal to order intervenor, the National Broadcasting Company, Inc. (NBC), a television station licensee, to abandon its policy of excluding from nonnews programs material presented for the purpose of fostering belief in astrology. Since NBC's policy in this particular is to adhere to the Television Code (the Code) of the National Association of Broadcasters (the NAB), petitioner also seeks review of the Commission's refusal to issue a declaratory ruling that Television Code Section IV-21 [1] and identical provision in the Radio Code may not be adopted by licensees as their own policy.[2]

---

\* Of the Ninth Circuit, sitting by designation.

1. The relevant code section of "IV. General Program Standards" reads:
    "21. Program material pertaining to fortune-telling, occultism, astrology, phrenology, palm-reading, numerology, mind-reading, or character-reading, is unacceptable when presented for the purpose of fostering belief in these subjects."

2. Other issues initially sought to be raised are not before us. A challenge to NBC's policy against accepting paid advertisements to foster belief in astrology has not been pressed, since no attempt was made to secure such advertising. Nor has petitioner sought review of the Commis-

Petitioner's involvement with NBC and the Commission stemmed from her efforts to gain publicity for her book, "Astrology For The Aquarian Age", published by Simon & Schuster, in July, 1970. Her theme is that "Astrology is the science of time . . . the synchronization of astronomical time with biological time",[3] or "the study of Nature's clock—a clock of such gigantic proportions that few people have the imagination to comprehend its scope." The thesis is that if one carefully constructs a "natal chart" taking account of the time, date, and month of birth as well as the other elements of astrological lore—the sun, moon, planets, divisions of the Zodiac, etc.—one may be able to "predict, with precision, those planetary correlations that act upon you at any moment of time." It offers help in making basic decisions in life. For example, "Astrology can match people more successfully than the computer; moreover, it can teach two people how to avoid the inevitable pitfalls that often lead to divorce." The book, however, is critical of prophesies, precise predictions, and magazine horoscopes. The petitioner writes, "I don't know whether or not I 'believe' in [astrology]—I *use* it and I have learned to use it successfully." She laments the fact that astrology today "is considered by most people to be either an occult amusement or an exercise in character analysis", feels that it "should no longer have to live in the shadows of superstition, witchcraft, magic and fortunetelling", and calls for employing statistical methods on a control group of persons with exact natal charts to see what is indicated by the charts and what actually has happened to demonstrate any significant correlation.

Petitioner alleged that her agent's request that petitioner be invited to appear on NBC's *Tonight Show* was refused. A subsequent request for clarification of policy was answered by NBC which stated that program material on astrology was "unacceptable when presented for the purpose of fostering belief in the subject". Subsequent unsuccessful efforts by petitioner culminated in the filing of the Complaint and Request for Declaratory Ruling. The complaint charged that a flat ban on the advocacy of astrology violated both the First Amendment and the "public interest" standard of the Communications Act, relying principally on Business Executives' Move for Vietnam Peace v. F. C. C., 146 U.S.App. D.C. 181, 450 F.2d 642 (1971), cert. granted, 405 U.S. 953, 92 S.Ct. 1174, 31 L.Ed.2d 230 (1972) as "an extension" of the reasoning in Red Lion Broadcasting Co. v. F. C. C., 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969).

The Commission's response, echoed by the licensee, was that the record did not indicate that NBC acted unreasonably in refusing to invite petitioner to be a guest on any of its talk shows, and that the Commission lacked authority to require changes in the Code, or to affect a licensee's membership in a private association. The Commission noted that in any event there was no evidence that membership in the NAB had resulted in a violation of the First Amendment, the Communications Act, or any Commission rule or policy. NBC contended that its acts did not amount to "state action" which would subject it to compliance with the First Amendment.

■■ Considering the lack of information before the Commission, it is difficult to understand its apparent certainty of belief that it is powerless to protect against possible abuses resulting from broadcaster involvement with the NAB. However, even if we should find

---

sion's refusal to find that a radio station illegally deleted some of her pre-recorded remarks from a talk show. Petitioner does not now contend that the refusal of NBC's *Today Show* to invite her on the program supports her claim, conceding that the producer could reasonably have deemed her appearance not newsworthy.

3. This and other quotations in the opinion are taken from petitioner's book which was made available to the Commission and the court.

in addition that the actions of the licensee are clothed with "state action", or for other reasons that the First Amendment applies to a broadcaster, nevertheless it cannot be seriously contended, in light of the limited number of broadcast frequencies available, that general guidelines reflecting programming priorities may not reasonably be adopted. The Communications Act's requirement that stations operate in the "public interest" furnishes the framework within which the First Amendment would apply, such that activities or policies of a broadcaster, if valid under the Act, would normally also meet the constitutional standard. National Broadcasting Co. v. United States, 319 U.S. 190, 227, 63 S.Ct. 997, 87 L.Ed. 1344 (1943). We therefore view petitioner's allegations within the context of the Communications Act.

The claim that NBC's flat ban on programs which "are presented for the purpose of fostering belief" in astrology is essentially one of overbreadth in a non-criminal context. Thus some sort of showing should be made that a refusal to consider programming which falls within the ban would contravene the "public interest". Petitioner has failed to present even a prima facie case that the ban extends to such programming. Self-serving and undocumented statements, though both sincere and motivated by the party's concept of the public interest, cannot serve as valid indicia of the public interest, "[the] great public concern . . . [or] representative [ness of] community views, *Red Lion, supra,* 395 U.S. at 394, 89 S.Ct. at 1808, which allegedly inheres in the relevant subject matter at issue. While it may be good policy, and perhaps even required under the Communications Act, that a broadcaster articulate some rationale for its general policies, *see* Environmental Defense Fund v. Ruckelshaus, 142 U.S. App.D.C. 74, 439 F.2d 584, 597–598 (1971), even more so when there may be a question as to whether the licensee has exercised independent judgment in adopting restrictive policies in concert with others, we do not reach that question here since there is insufficient evidence to conclude that NBC's flat ban illegally precludes programming which falls within the "public interest, convenience and necessity."

On the record before us, we affirm.